**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **B.K.**

**No. 21-0927** (Jackson County 21-JA-44)


**MEMORANDUM DECISION**


Petitioner Mother A.K., by counsel Ryan M. Ruth, appeals the Circuit Court of Jackson County's October 15, 2021, order terminating her parental rights to B.K.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Joseph W. Hunter, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her an improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the filing of the instant petition, the DHHR filed a child abuse and neglect petition against the parents in 2018 due to their substance abuse. Petitioner was then adjudicated as an abusing parent and was granted a post-adjudicatory improvement period. Petitioner failed to address her substance abuse and her parental rights to her three children were involuntarily terminated in 2019.

The DHHR filed the instant petition in May of 2021, after petitioner gave birth to B.K. The DHHR alleged that petitioner exposed the child to her drug abuse while the child was in utero. Petitioner presented to the emergency room at approximately twenty-four to twenty-six weeks'

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

gestation and gave birth to the child in the emergency department restroom. Upon admission to the hospital, petitioner tested positive for fentanyl and methamphetamine, and she admitted to using heroin the night before the child's birth. The DHHR further referenced petitioner's prior proceedings and the termination of her parental rights to the three older children. As such, the DHHR alleged that petitioner's substance abuse negatively affected her parenting to such a degree as to pose imminent risk to the child's health or safety.

In June of 2021, the circuit court held an adjudicatory hearing. Petitioner stipulated that her substance abuse negatively impaired her parenting skills and further conceded that her parental rights to three older children had been previously involuntarily terminated. The circuit court accepted petitioner's stipulation and adjudicated her as an abusing parent. A short time later, petitioner filed a motion for a post-adjudicatory improvement period.

The circuit court held a dispositional hearing in October of 2021. Petitioner testified in support of her motion for an improvement period, stating that she attended and twice completed a treatment program following the conclusion of the prior proceedings. From there, petitioner attended another program for approximately two months during her pregnancy. Petitioner stated that, following B.K.'s birth, she entered an inpatient treatment program and that things were going "[r]eally good." Petitioner testified that she intended to complete the inpatient program and requested other services such as parenting and adult life skills classes and supervised visits. On cross-examination, petitioner admitted that she continued to abuse drugs after completing the same drug treatment program twice and that she had been sentenced to a year of probation in a concurrent criminal case related to her drug abuse problem. Petitioner also presented the testimony of her peer mentor from the inpatient rehabilitation program she was currently attending. The mentor testified that she attended the program with petitioner and noted that petitioner was doing well. The mentor testified that petitioner completes her homework and "does what she is supposed to do."

The DHHR presented the testimony of the child's paternal great grandmother who had placement of B.K. and his three older siblings. The great grandmother testified that, sometime during the summer of 2021, petitioner asked to visit B.K., and the great grandmother agreed. However, when petitioner arrived at the house, she spent an hour and a half rummaging through her old belongings and several hours playing on the great-grandmother's phone. According to the great grandmother, petitioner held B.K. for only ten or fifteen minutes during that time and showed little interest in the child.

The DHHR also presented the testimony of a Child Protective Services ("CPS") worker, who stated that the DHHR's recommendation was termination of petitioner's parental rights. The worker opined that there was no reasonable likelihood that petitioner would correct the conditions of abuse and neglect in the near future, noting that petitioner had previously completed several drug treatment programs only to relapse a short time later. The worker further noted that the instant case was nearly identical to petitioner's prior case and that petitioner had an incentive to do well in her rehabilitation program as it was a condition of her criminal probation.

Following testimony, the circuit court took judicial notice of petitioner's prior abuse and neglect proceedings and her ongoing criminal proceedings. Ultimately, the circuit court denied

petitioner's motion for a post-adjudicatory improvement period and terminated her parental rights. The circuit court found that petitioner made no substantial change in circumstances following her prior terminations and that, if granted an improvement period, there was nothing to indicate she would be able to successfully complete services within the required timeframe. The circuit court made findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the child's welfare. Petitioner appeals the circuit court's October 15, 2021, dispositional order.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her an improvement period and terminating her parental rights. Petitioner avers that she demonstrated that she was likely to fully participate in an improvement period when she testified that she had been enrolled in a long-term inpatient rehabilitation program for nearly four months as of the dispositional hearing. While petitioner acknowledges that her case involved aggravated circumstances due to the termination of her parental rights to three older children, she believes that the circuit court should have found that there was a reasonable likelihood that she could correct the conditions of abuse and neglect based on her participation in treatment and should have granted her the opportunity to participate in an improvement period.

West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." Further, "[t]his Court has explained that 'an improvement period in the context of abuse and neglect proceedings is viewed as an opportunity for the . . . parent to modify his/her behavior so as to correct the conditions of abuse and/or neglect with which he/she has been charged.'" *In re Kaitlyn P.*, 225 W. Va. 123, 126, 690 S.E.2d 131, 134 (2010) (citation omitted). However, the circuit court has

---

[2]The father's parental rights were also terminated below. The permanency plan for the child is adoption by a great grandmother.

3

discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002).

We find that the circuit court did not abuse its discretion in denying petitioner an improvement period. While petitioner argues that she was participating in a rehabilitation program, the record is clear that despite receiving treatment over a period of years, she continually relapsed on drugs. Further, petitioner failed to provide any testimony regarding when she would complete her current residential program and be in a position to care for the child. As such, given petitioner's repeated failures at treatment since the prior proceedings, coupled with the unknown graduation date from her current program, we cannot find that the circuit court erred in finding that petitioner was unlikely to fully comply with her improvement period or complete the terms within the statutory timeframes. Petitioner is entitled to no relief in this regard.

We likewise find no error in the termination of petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental, custodial, and guardianship rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(d) provides that a circuit court may find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on [his or her] own or with help." Moreover, we have previously held that

> [w]here there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child must, at minimum, be reviewed by a court, and such review should be initiated on a petition pursuant to the provisions governing the procedure in cases of child neglect or abuse set forth in West Virginia Code §§ [49-4-601 through 49-4-610]. Although the requirement that such a petition be filed does not mandate termination in all circumstances, the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § [49-4-605(a)] is present.

*In re Kyiah P.*, 213 W. Va. 424, 427, 582 S.E.2d 871, 874 (2003) (citation omitted). As there is no dispute that petitioner's parental rights to three older children were previously terminated in 2019, the evidentiary threshold necessary for termination was reduced, and the evidence presented at the final dispositional hearing supported termination. On appeal, petitioner simply asserts that the circuit court should have granted her an improvement period prior to terminating her parental rights. However, the evidence below supports a finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future as she clearly failed to address her issues of substance abuse. Petitioner failed to successfully complete services in the prior proceedings, resulting in the termination of her parental rights to three older children. Following that case, she attended multiple drug treatment programs but continued to abuse drugs despite these services and failed to show that she could make lasting changes. We also find that termination of petitioner's parental rights was necessary for the child's welfare. The child was born extremely premature as a result of petitioner's drug abuse and needs permanency and

4

stability. According to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate parental rights based upon these findings. Further, this court has held the following:

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4. Moreover,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604,] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on the foregoing, we find no error in the circuit court terminating petitioner's parental rights to the child.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 15, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: May 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn